UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-61763-Civ-MARRA/JOHNSON

MT. HAWLEY INSURANCE COMPANY,
an Illinois insurance company,
and JAMES RIVER INSURANCE COMPANY,
a Delaware insurance company

       Plaintiffs/Counter-Defendants

vs.

PALLET CONSULTANTS CORPORATION,
a Florida corporation, and P.C. REALTY
OF FLORIDA, LLC, a Florida limited
liability corporation

       Defendants/Counter-
       Plaintiffs/Third-Party Plaintiffs

vs.

SIMPLEXGRINNELL LP, a Delaware
limited partnership

       Third-Party Defendant.
_____/

## ORDER AND OPINION DENYING MOTION TO DISMISS

       **THIS CAUSE** is before the Court upon Third-Party Defendant SimplexGrinnell

LP's Motion to Dismiss [DE 100].  The motion is fully briefed and ripe for review.  The

Court has carefully considered the relevant filings and is otherwise fully advised in

the premises.  Third-party defendant SimplexGrinnell LP ("SimplexGrinnel") moves

for an order dismissing the Third-Party Plaintiffs' Complaint [DE 95] ("Complaint") as

a matter of law on the grounds that this third-party breach of contract action is (1)

untimely and (2) precluded and/or limited by written contract.

**Introduction**

In the Complaint, it is alleged that third-party plaintiffs Pallet Consultants Corporation and P.C. Realty of Florida, LLC (collectively "Pallet") own, lease, and/or operate a business located at 951 S.W. 12th Avenue, Pompano Beach, Florida (the "Property").  Compl. ¶¶ 2-3.  As a result of Hurricane Wilma, the fire-sprinkler system located at the Property was damaged and became inoperable.  Compl. ¶ 6.

On January 10, 2006, Pallet entered into a written contract (the "Contract") with SimplexGrinnel to have the sprinkler system repaired and placed back into service (to "turn all the water back on to the two (2) systems in the building"). Compl. ¶¶ 7-8; *see also* Contract.  On January 13, 2006, SimplexGrinnel sent a technician to the Property to perform the contracted work.  The work was unable to be completed on January 13, 2006.  Comp. ¶ 9.  On February 16, 2006, SimplexGrinnel sent another technician, Samuel Salazar ("Salazar"), to the Property to complete the contracted work.  Compl. ¶ 10.  When Salazar left the Property on February 16, 2006 after performing eight hours of work there, he only turned the water back on for one of Pallet's two sprinkler systems.  Compl. ¶ 11.  Salazar had not been told by his superiors at SimplexGrinnel to turn the water back on to both of the sprinkler systems.  Compl. ¶ 11.

Soon after leaving the Property on February 16, 2006, Salazar told Simplex-

Grinnel's sprinkler service manager, Coby Tarr ("Tarr"), that he had left the water to Pallet's south sprinkler system turned off.  Compl. ¶ 12.  Tarr did not send Salazar back to the Property to turn the water on.  Compl. ¶ 12.  Tarr testified under oath that SimplexGrinnel completed the scope of work set forth under its contract with Pallet on February 16, 2006.  Compl. ¶ 13.  Tarr also gave a sworn statement to State of Florida officials in which he explained that SimplexGrinnel's technicians "capped the system, put the system back in service and left the site."  Compl. ¶ 15.

Tarr and Salazar each have testified that if SimplexGrinnel's technicians ever leave a property without turning all the water back on, they are required to affix a specific "non-working conditions" notification to the work order and have the client sign off on it.  Compl. ¶ 16.  In addition to failing to perform the scope of work in the Pallet contract, SimplexGrinnel failed to notify Pallet that it had not turned the water back on.  Compl. ¶ 17.  On March 2, 2006, SimplexGrinnel invoiced Pallet for the contracted work and Pallet subsequently paid the invoice.  Compl. ¶ 18.  On March 3, 2006, Pallet suffered catastrophic damage as a result of a fire at the Property.  Compl. ¶ 19.

Pallet filed an insurance claim for its policy limits of $5,415,805 for the damages incurred in the fire.  Compl. ¶ 20.  Pallet's insurance carrier denied Pallet coverage for its fire claim stating that Pallet allegedly violated the policy's Protective Safeguard Endorsement which requires that Pallet maintain its fire sprinkler system in "complete working order."  Pallet's insurance carrier stated that Pallet failed to

maintain its fire sprinkler system in complete working order because the valve supplying water to one of its two systems was closed or in the "OFF" position at the time of the fire.  Compl. ¶ 21.  As a direct result of SimplexGrinnel's failure to perform its obligations under the terms and provisions the Contract, Pallet alleges it has been damaged.  Compl. ¶ 22.

Pallet attaches a two page Contract to the Complaint as Exhibit A.  On the second page of the Contract, just below the signature of Pallet's General Manager, Pallet acknowledged and agreed that there were "terms and conditions on the reverse side hereof or attached hereto."  Compl., Ex. A at 2.  By signing the Contract, Pallet also acknowledged and agreed that it "has read this agreement, understands it, and agrees to be bound by its terms and conditions."  *Id*.

SimplexGrinnel alleges that the terms and conditions on the reverse side of the Contract include a one-year limitation-of-action provision, an exculpatory provision, a limitation-of-liability provision, a liquidated-damage provision, and a choice-of-law provision - all of which preclude and/or limit Pallet's third-party action against SimplexGrinnel.  Pallet maintains that the provisions appearing on the reverse side of the Contract were not part of the parties' contract.  Pallet claims that the parties' contract consisted of two pages - not three - and that any provisions appearing on the third page were not assented to by Pallet.

Specifically, Pallet argues that "[a]fter performing an initial visit to the Pallet property . . . [SimplexGrinnel's] Service Sales Manager returned to his office to

prepare the contract and faxed Pallet only a two-page contract, along with a fax cover sheet." Pallet's Response at 4-5. Attached as Exhibit D to Pallet's Response are the only documents that Pallet says was faxed to it. Exhibit D consists of two Contract pages and a fax cover letter. Since, according to Pallet, SimplexGrinnel did not include this "reverse side" in contracting with them, Pallet argues that the contents of the "reverse side" are inapplicable and should not be considered by the Court.

Although Pallet claims SimplexGrinnel only faxed three pages, the fax cover sheet in Exhibit D to Pallet's Response specifically states that there were four pages included in the fax. This fact is supported by SimplexGrinnel's submission of a fax confirmation sheet which indicates that four pages were faxed to Pallet.

## Standard of Review

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff. *See Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007). To satisfy the pleading requirements of Federal Rule of Civil Procedure 8, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (citing Fed. R. Civ. P. 8); *see also Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007); *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346

(2005).  Additionally, "[a] motion to dismiss is only granted when the movant

demonstrates beyond doubt that the plaintiff can prove no set of facts in support of

his claim which would entitle him to relief."  *Levine v. World Financial Network Nat.*

*Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006) citing *Harper v. Blockbuster Entm't Corp.*,

139 F.3d 1385, 1387 (11th Cir. 1998).

<u>Discussion</u>

***The Contract***

Based on the terms of the contract entered into by the parties, SimplexGrinnel

maintains that Pallet can prove no set of facts in support of its claims which would

entitle it to relief.  SimplexGrinnel bases this argument on the one-year limitation-of-

action, exculpatory, liquidated-damage, and choice-of-law provisions appearing on

the "reverse side of the contract," or page three of the Contract as faxed.  This third

page is attached as Exhibit A to SimplexGrinnel's Motion to Dismiss.  The Contract

attached to the Complaint does not include this page.

SimplexGrinnel is asking the Court to consider, on a motion to dismiss, matters

outside of the four corners of the Complaint, namely, additional provisions which it

claims are a part of the Contract and to which Pallet disagrees.

SimplexGrinnel suggests the Court may consider this disputed third page,

without converting this motion into one for summary judgment,[1] because the

---

[1] Federal Rule of Civil Procedure 12(d) contains a conversion provision which states that if, on a motion for judgment on the pleadings, "matters outside the pleadings are presented to and not excluded by the court, the motion shall be

complete Contract is: (1) central to the plaintiff's claim; and (2) undisputed.  *Horsley v. Feldt*,  304 F.3d 1125, 1134 (11th Cir. 2002) citing  *Harris v. Ivax Corp.*, 182 F.3d 799, 802 n.2 (11th Cir. 1999).  While there is no argument that the Contract is central to Pallet's claims, it is clearly not undisputed.  SimplexGrinnel argues that the term "undisputed" in this context means not simply whether Pallet elects to dispute the authenticity of the third page of the Contract but, rather, the standard is whether the document is "undisputably authentic" - *i.e.*, there must be a legitimate basis to dispute the authenticity of the document.  SimplexGrinnel asserts that Pallet does not have a legitimate basis to do so.  Reply at 3.

SimplexGrinnel argues that Pallet cannot credibly argue that it did not receive and/or agree to the provisions on the third page of the Contract because Pallet has already acknowledged and agreed that there were "terms and conditions on the reverse side hereof or attached hereto . . . [and that Pallet] has read this agreement, understands it, and agrees to be bound by its terms and conditions."  SimplexGrinnel also points to Pallets' failure to explain or otherwise account for both the fax cover sheet and the fax confirmation sheet which indicate that four pages were faxed to Pallet.  SimplexGrinnel argues that because Pallet cannot credibly dispute the authenticity of the third page of the Contract, this Court may consider the third-page of the Contract in deciding SimplexGrinnel's Motion to Dismiss.

---

treated as one for summary judgment under Rule 56.  All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."  Fed. R. Civ. P. 12(d).

The arguments made by SimplexGrinnel raise issues of fact which this Court cannot resolve on a motion to dismiss.  After discovery and upon a motion for summary judgment, the Court will be in a better position to draw conclusions based upon evidence presented on these issues.  At this time, the Court must deny the motion to dismiss.

### Limit to Damages

SimplexGrinnel asserts that even if the Court decides not to consider the third page of the Contract, Pallet's claims against SimplexGrinnel are nevertheless limited to $875.00 in recoverable damages.  Since Pallet does not dispute the authenticity of the first two pages of the Contract, SimplexGrinnel urges the Court to consider the first two pages of the Contract in deciding the instant motion.  On page two of the Contract, the parties agreed that SimplexGrinnel's liability for any damages would be limited to $875.00 – the Contract price.

The only issued before the Court is whether the Complaint states a valid cause of action.  The amount of damages to which Pallet may be entitled cannot be resolved at this time.  This issue must be resolved by way of a motion for summary judgment or at trial.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Third-Party Defendant SimplexGrinnell LP's

Motion to Dismiss [DE 100] is DENIED.

    **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County,

Florida, this 13th day of February, 2009.

                                        _____
                                        KENNETH A. MARRA
                                        United States District Judge

copies to:

All counsel of record