UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-61763-Civ-MARRA/JOHNSON

MT. HAWLEY INSURANCE COMPANY,
an Illinois insurance company,
and JAMES RIVER INSURANCE COMPANY,
a Delaware insurance company

    Plaintiffs/Counter-Defendants

vs.

PALLET CONSULTANTS CORPORATION,
a Florida corporation, and P.C. REALTY
OF FLORIDA, LLC, a Florida limited
liability corporation

    Defendants/Counter-
    Plaintiffs/Third-Party Plaintiffs

vs.

SIMPLEXGRINNELL LP, a Delaware
limited partnership

    Third-Party Defendant.
_____/

**ORDER AND OPINION GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT**

**THIS CAUSE** is before the Court upon Third-Party Defendant SimplexGrinnell LP's Motion For Partial Summary Judgment [DE 173]. The motion is fully briefed and ripe for review. The Court has carefully considered the relevant filings, and is otherwise fully advised in the premises.

Pallet Consultants Corporation and P.C. Realty of Florida, LLC (collectively "Pallet" or "Third-Party Plaintiffs") filed a third-party breach-of-contract claim against SimplexGrinnell LP ("SimplexGrinnell"). Pallet alleged that a fire caused extensive damage to its property as a result of SimplexGrinnell's failure to restore service to Pallet's sprinkler system. In response to the third-party breach of contract claim, SimplexGrinnel filed a counterclaim alleging that Pallet breached the contract between the parties by failing to name SimplexGrinnel as an additional insured to its general liability and auto insurance policies. SimplexGrinnell moves for partial summary judgment on the counterclaim with regard to liability only. This is the Court's fourth substantive order and opinion in this case. The Court has already ruled on one motion to dismiss and two motions for summary judgment. When the parties drafted their briefs on the instant motion, they did not have the benefit of the rulings on the motions for summary judgment. In this opinion, the Court assumes the parties' familiarity with previous findings and rulings in this case, specifically the finding that there is no genuine issue that the Contract included three pages.[1]

---

[1] *See* note 2 *infra*.

## UNDISPUTED MATERIAL FACTS

Pallet owns, leases and/or operates a business located at 951 S.W. 12th Avenue, Pompano Beach, Florida (the "Property").  As a result of Hurricane Wilma, the fire-sprinkler system located at the Property was damaged and became inoperable.   Gamez Depo. at 21.  The Fire Department gave Pallet a list of required repairs that needed to be done to the sprinkler system "in order to keep the business going."  Gutierrez Depo. at 43.  One of these requirements was to repair the sprinkler system piping and make the sprinkler system functional.  Gamez Depo. at 30.  As a result, Pallet's General Manager John Gamez ("Gamez") contacted SimplexGrinnell requesting the service needed to comply with the Fire Department's requirements.  Gamez Depo. at 30-31.  SimplexGrinnell's Sprinkler Service Manager Coby Tarr ("Tarr") received the request for service and arranged for SimplexGrinnell to examine the Property.  Tarr Depo. at 13-14.

On January 10, 2006, Pallet contracted with SimplexGrinnell to perform the repairs to Pallet's fire protection/sprinkler systems . . ."  DE 137, Ex. I, Compl. ¶¶ 7-8; *see also* Contract.  On January 10, 2006, Grabenhorst faxed a three-page[2]

---

[2] Pallet has argued that "SimplexGrinnell did not fax to Pallet the 'reverse side' document containing the various limiting language and the Massachusetts choice of law provision."  DE 167 at 10, *see also* at 8.  This contention was rejected by the Court because it was not supported by *any* evidence in the record.  The Court found that the absence of any evidence supporting Pallet's contention, in combination with Grabenhorst's affidavit, a copy of the fax cover sheet (indicating 4 pages were faxed), the three-page Contract, and the fax-confirmation sheet showing that four

service contract (the "Contract") to Pallet.  Grabenhorst Aff. ¶ 3.  Sometime after January 10, 2006, Gamez agreed to the terms and conditions of the Contract by signing his name to the second page of the Contract and returning it to Grabenhorst.  Grabenhorst Aff. ¶ 4; DE 159 -8, Ex. G.  On the second page of the Contract, just below the signature of Pallet's General Manager Gamez, Pallet acknowledged and agreed to the terms and conditions of the Contract and agreed that the Contract included an additional page after the signature page:

> THIS AGREEMENT CONSISTS OF THIS AGREEMENT PAGE AND THE TERMS AND CONDITIONS ON THE REVERSE SIDE HEREOF OR ATTACHED HERETO, and is the complete agreement between the parties.  Customer acknowledges that he has read this agreement, understands it, and agrees to be bound by its terms and conditions.

DE 173, Ex. E-G.  The third page of the Contract included an insurance provision which stated:

> The CUSTOMER shall name SimplexGrinnel, its officers, employees, agents, subcontractors, suppliers, and representatives as additional insureds on the CUSTOMER's **general liability and auto liability policies**.

*Id*. (emphasis supplied).  The third page of the Contract also included a provision requiring Pallet to obtain insurance - and to look solely to its insurer - for any loss or damage relating to SimplexGrinnell's performance of the Contract:

---

pages were faxed, supported the conclusion that Pallet received all three pages of the contract.  *See* DE 185 at 4.

> It is understood and agreed by the CUSTOMER that SimplexGrinnell is not an insurer and that insurance covering personal injury and property damage on the CUSTOMER'S premises shall be obtained by the CUSTOMER; that the Customer agrees to look exclusively to the Customer's insurer to recover for injuries or damage in the event of any loss or injury; that the amounts payable to SimplexGrinnell hereunder are based upon the value of the Work and the scope of liability set forth herein; and that SimplexGrinnell is not guaranteeing that no loss will occur.

*Id.* The third page of the Contract included a legal fees provision which stated:

> SimplexGrinnell shall be entitled to recover from the Customer all reasonable legal fees incurred in connection with SimplexGrinnell enforcing the terms and conditions of this agreement.

*Id.*

Pallet seeks to hold SimplexGrinnell liable for failing to fulfill its contractual obligation to repair the sprinkler system and to recover monetary damages directly flowing from SimplexGrinnell's failure to perform its contractual obligations. *See* Pallet's Third-Party Complaint, ¶¶ 1, 19, 22. SimplexGrinnell was not named as an additional insured on any of the insurance policies produced by Pallet in discovery. *See* Plaintiffs' Complaint for Declaratory Relief and documents attached thereto, attached to DE 173 as Ex. H. Pallet denies that it was contractually obligated to add or name SimplexGrinnell as an additional insured on Pallet's *property* insurance policy covering this loss.

## STANDARD OF REVIEW

Summary judgment is proper if following discovery, the pleadings, depositions, answers to interrogatories, affidavits and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); Fed.R.Civ.P. 56. All evidence and all factual inferences reasonably drawn from the evidence are viewed in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970); *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1285 (11th Cir. 1997). Judgment in favor of a party is proper where there is no legally sufficient evidentiary basis for a reasonable jury to find for the nonmoving party on the issue before the Court. Fed.R.Civ.P. 56.

## DISCUSSION

Pallet was contractually obligated to name SimplexGrinnell as an additional insured on Pallet's *general liability* and auto liability policies. The provision in the parties' Contract was clear and unambiguous. The obligation to name SimplexGrinnell as an additional insured on Pallet's general liability and auto liability policies is enforceable under Florida law and Massachusetts law. *See Rouse-Miami, L.L.C. v. Bentley's Luggage Corp.*, 948 So.2d 928, 930 (Fla. Dist. Ct. App. 2007) (court implicitly recognized the enforceability of a contractual

provision that called for one party to name the other party "as an additional insured" on its all risks property and casualty insurance policies); *Apol v. Shaw*, 647 So.2d 139, 141 (Fla. Dist. Ct. App. 1994) (Pizza Hut breached lease provision requiring it to name Lem T. as an additional insured); *Forisso v. Mello Constr., Inc.*, No. 05908, 2007 WL 869260, *2 (Mass. Super. Feb. 26, 2007) (subcontract required Quinn Brothers to obtain general liability insurance, to name Mello as an additional insured, and to provide this insurance on a primary basis). Pallet does not contend otherwise.

Rather, Pallet argues that SimplexGrinnell's Motion for Partial Summary Judgment should be denied because: (a) SimplexGrinnell argues that Pallet was obligated to name SimplexGrinnell as an additional insured on its *property* insurance policy and no such obligation exits in the Contract; and (b) even if there was such an obligation, SimplexGrinnell could not legally be named as an additional insured to Pallet's *property* insurance because SimplexGrinnell lacks an insurable interest in the property. Because the insurance provision in the parties' Contract required Pallet to name SimplexGrinnell as an additional insured on Pallet's *"general liability and auto liability policies*," Pallet's arguments regarding *property* insurance are entirely misplaced.

The undisputed material facts establish that Pallet had a contractual duty to name SimplexGrinnell as an additional insured on its general liability and auto

liability policies and that Pallet breached that duty by failing to name SimplexGrinnell as an additional insured under either policy. Whether Pallet's breach has caused SimplexGrinnell damage is a question that must be resolved at trial. Accordingly, partial summary judgment in favor of SimplexGrinnell on its counterclaim with regard to liability only is appropriate. Fed.R.Civ.P. 56(d)(2). The Court is not at this time making any determination as to whether and to what extent SimplexGrinnell suffered damages. Therefore, it is hereby

**ORDERED AND ADJUDGED** that Third-Party Defendant SimplexGrinnell LP's Motion For Partial Summary Judgment **[DE 173] is GRANTED** to the extent that Pallet breached its contractual obligation to name SimplexGrinnel as an additional insured on its general liability and auto liability policies. The question of damages, if any, will remain for determination at trial.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 18th day of August, 2009.

_____
KENNETH A. MARRA
United States District Judge

copies to:

All counsel of record
Magistrate Judge Linnea R. Johnson